IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARLENE DABROW, | CIVIL ACTION |
| Plaintiff | |
| vs. | NO. 08-04097 |
| LEHIGH COUNTY AREA AGENCY ON AGING, et al., | |
| Defendants | |

## MEMORANDUM OPINION

GOLDEN, J.                                                                                                    AUGUST 13, 2009

Plaintiff brought this action claiming that she was terminated from her employment with Defendant Lehigh County Area Agency on Aging ("LCAAA") because of her age and in retaliation for opposing alleged discriminatory practices by LCAAA in violation of both the Age Discrimination Employment Act ("ADEA"), at Count One, and the Pennsylvania Human Relations Act ("PHRA"), at Count Two. Presently before the Court is the Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Motion is granted.

Defendants argue that Plaintiff's claims must be dismissed based on principles of res judicata and collateral estoppel. Specifically, Defendants contend that Plaintiff already litigated or could have litigated the claims that are the subject of this suit before the State Civil Service Commission of the Commonwealth of Pennsylvania ("CSC") and the Commonwealth Court of Pennsylvania. In deciding whether to dismiss a complaint pursuant to Rule 12(b)(6) based on principles of res judicata, a court should consider only the complaint, including any exhibits attached thereto, and matters of public record. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

The Full Faith and Credit Act provides that the "judicial proceedings" of any State "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. "The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996). Accordingly, "[t]o fulfill their § 1738 obligation, federal courts must look to relevant state law [here Pennsylvania] res judicata and estoppel law in determining the effect of state court judgments." Sullivan v. City of Pittsburgh, 811 F.2d 171, 181 (3d Cir. 1987).

Under Pennsylvania law, the doctrine of res judicata provides that a "final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies, on the same cause of action." Delaware River Port Auth. v. Pennsylvania Pub. Utility Comm'n, 182 A.2d 682, 685 (Pa. 1962). When the final disposition of an action is invoked as a bar to a subsequent action, Pennsylvania courts apply the res judicata doctrine upon "the concurrence of four elements: (1) identity of thing sued for; (2) identity of cause of action; (3) identity of person or parties; and (4) identity of quality of parties for or against whom claim is made." Official Court Reporters of Court of Common Pleas of Phila. County v. Pennsylvania Labor Relations Bd., 467 A.2d 311, 319 (Pa. 1983) (quotations omitted). "The test of the identity of causes of action for the purposes of determining the question of res judicata is the identity of the facts essential to their maintenance . . . ." Long v. Stout, 157 A. 607, 609 (Pa. 1931); accord Philadelphia Fraternal Order of Correctional Officers v. Rendell, 701 A.2d 600, 607 (Pa. Commw. Ct. 1997).

The pleadings and records from both cases reveal that the case before the CSC and the Commonwealth Court involved the same parties, thing sued for, cause of action, and capacity of the

parties as the case sub judice.  After conducting a two-day hearing at which Plaintiff testified, the CSC applied Section 905.1 of the Civil Service Act to Plaintiff's claim.  That section provides, in pertinent part, that:

> No officer or employee of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action . . . because of race, national origin or other non-merit factors.

Based on a thorough review of all the evidence, the CSC concluded in a 26-page decision that:

> [A]ppellant did not present evidence of any conduct by the appointing authority that would be sufficient to persuade the Commission that the appointing authority removed her for discriminatory reasons.  In this matter, appellant's evidence is not enough to show that her removal was motivated by discrimination.  The appointing authority's evidence convinces us that there were legitimate non-discriminatory reasons for her removal.

(Adjudication at Ex. A to Defs.' Mot. to Dismiss.)  As a result, the CSC dismissed Plaintiff's Appeal.  Id.  The Commonwealth Court subsequently affirmed the decision of the CSC in a per curiam opinion.  Id.  The case sub judice and the state litigation originated from the same cause of action because they are based on the same alleged wrongful acts.  For this Court to now hear Plaintiff's age discrimination claim after it was already decided by the CSC and the Commonwealth Court would require the parties to rehash the same facts and legal arguments that were raised before the CSC and the Commonwealth Court.

Plaintiff argues that there was no "final judgment" on her age discrimination claim because the CSC applied a different standard to her age discrimination claim than would be applied by this Court.  Plaintiff also claims that she presented no evidence on her retaliation claim to the CSC.

Contrary to Plaintiff's contention, the CSC applied a modified version of the burden-shifting analysis developed by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Moore v. State Civil Service Commission, 922 A.2d 80, 84-85 (Pa. Commw. Ct.

2007); Henderson v. Office of the Budget, 560 A.2d 859, 864 (Pa. Commw. Ct. 1989), appeal denied, 574 A.2d 73 (Pa. 1990).  Under such an analysis, a plaintiff must first establish a prima facie case of discrimination.  A defendant then need only articulate a legitimate non-discriminatory reason for its action.  Then, a plaintiff must prove by a preponderance of the evidence that defendant's reason for its action is a mere pretext for discrimination.  Moore, 922 A.2d at 96; Dep't of Health v. Nwogwugwu, 594 A.2d 847, 850 (Pa. Commw. Ct. 1991) (citing Texas Dep't of Community Affairs v. Burdine, 480 U.S. 248 (1981)).

     After conducting the McDonnell Douglas analysis that would be utilized by this Court in a case involving circumstantial evidence of age discrimination, the CSC found the Defendant had non-legitimate discriminatory reasons for removing Plaintiff and ultimately that discrimination was not a motivating factor in Plaintiff's removal.  Likewise, in this Court, the ultimate inquiry is whether age motivated or had a determinative influence on the decision of the employer.  See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 141 (2000).  As a result, Plaintiff is barred by res judicata principles from relitigating her age discrimination claim under the ADEA in this Court.

     Plaintiff also contends that the CSC never considered her claim of dismissal based on retaliation for opposing alleged age discrimination practices.  However, "res judicata applies not only to claims actually litigated, but also to claims that could have been litigated during the first proceeding . . . ."  Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Since the retaliation claim arises from the same set of facts as the age discrimination claim, Plaintiff certainly could have litigated her retaliation claim based on opposing age discrimination practices before the CSC and the Commonwealth Court.  After all, a claim of retaliation based upon non-merit considerations is the same as a traditional discrimination

claim to which the McDonnell Douglas standard applies. See Pennsylvania Game Commission v. State Civil Service Commission, No. 2308 CD 2007 (Pa. Commw. Ct. May 5, 2008). Therefore, Plaintiff could have brought her retaliation claim under Section 905.1 of the Civil Service Act under which it would have been evaluated like a traditional discrimination claim using the McDonnell Douglas burden shifting analysis.

This Court will not serve as a conduit for piecemeal litigation of claims that arose from the same events and should have been brought in one suit. As the Supreme Court of Pennsylvania has explained, "the purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." Balent, 669 A.2d at 315. Pennsylvania courts also disapprove of claim-splitting. See, e.g., Spinelli v. Maxwell, 243 A.2d 425, 428 (Pa. 1968) (explaining "sound policy" to avoid splitting up claims arising from the same wrongful act).

For the foregoing reasons, the Court concludes that this action is barred under the doctrine of res judicata by the final judgment of the Pennsylvania Commonwealth Court.